**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                     No. CV 12-0480 JC/WPL
                                         CR 10-3131 JC
                                         CR 10-3338 JC

HECTOR HERNANDEZ-CORNEJO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under rules 4(b), 11(a) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR 10-3131 JC, Doc. 27). Defendant alleges that his attorney failed to request a fast-track departure in sentencing proceedings. The Court will dismiss the motion.

    As a preliminary matter, the Court notes that Defendant was prosecuted in two related criminal proceedings for reentry by a removed alien. In case No. CR 10-3131 JC, the Court revoked Defendant's probation in a reentry proceeding that had been transferred from the District of Utah. In case No. CR 10-3338 JC (originally filed in this Court), the Court convicted Defendant of reentry by a removed alien. Defendant was sentenced in both cases at a single hearing on February 16, 2011. In his § 2255 motion, Defendant challenges the sentence imposed for illegal reentry in case No. CR 10-3338 JC, although the caption of the motion identifies only the transferred case, No. CR 10-3131 JC.

    No relief is available on Defendant's allegation that his attorney failed to argue for a shorter term of imprisonment based on the early disposition ("fast-track") program for alien reentry prosecutions. *See, e.g., U.S. v. Morales-Chaires* 430 F.3d 1124, 1127 n.5 (10th Cir. 2005). In the

first place, "The Department of Justice's Fast–Track Policy . . . did not create any substantive or procedural rights for Defendant." *United States v. Seledon-Lopez*, No. 2:09–cr–0246–RLH–RJJ, 2012 WL 1744535 (D. Nev. Mar. 15, 2012). And second, contrary to Defendant's assertion, his reentry sentence imposed by this Court included a downward departure under the District's early disposition program. *See* CR 10-3131 JC, Doc. 21. Furthermore, the record of the earlier Utah prosecution indicates that Defendant also received the benefit of a fast-track program in that case. *See* CR 10-3131 JC, Doc. 1, p.4. Because Defendant received the benefit of fast-track programs in both of his criminal prosecutions, his claim that his attorney provided ineffective assistance by failing to request a fast-track departure presents no grounds for relief. *Cf. United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.' ") (quoting *United States v. Dixon*, 1 F.3d 1080, 1084 n.5 (10th Cir. 1993)).

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR 10-3131 JC, Doc. 27) is DISMISSED with prejudice, a certificate of appealability is DENIED, judgment will be entered, and the Clerk is directed to enter this order and accompanying judgment on the docket of all three captioned cases.

_____
UNITED STATES DISTRICT JUDGE